# HAGEN ROSSKOPF, LLC

Attorneys at Law
119 North McDonough Street
Decatur, Georgia 30030-3300
www.Hagen-Law.com

(404) 522-7553
(404) 751-0281 direct

(404) 522-7744 fax
Kendrick@Hagen-Law.com

December 7, 2020

**VIA SIGNATURE TRACKING USPS**
Lindsey Baird
CMI
P.O. Box 14731
Lexington, KY 40512

|  |  |  |
|---|---|---|
| RE: | Our Client(s): | Japonica Pennamon |
|  | Claim No.: | 9197719 |
|  | At Fault Party: | Wal-Mart |
|  | Date of Injury: | May 25, 2020 |

Dear Ms. Baird,

**THIS LETTER CONSTITUTES AN OFFER TO COMPROMISE A DISPUTED CLAIM AND IS, THEREFORE, INADMISSIBLE IN ANY PROCEEDINGS INVOLVING THE PARTIES TO THIS CASE.**

Attached herewith are the medical bills and medical records regarding the injuries sustained by my client, Ms. Japonica Pennamon, on May 25, 2020. By this letter, Ms. Pennamon is demanding payment of $375,000.00 pursuant to the general liability policy held by your insured.

**OUR CLIENT:**

Then forty-five (45) year old, Japonica Pennamon was happy and healthy and in a state of well-being prior to this incident. She had no related medical issues. As a result of her trip and fall incident in Wal-Mart, she suffered a very painful torn meniscus in her left knee and has been recommended for arthroscopic surgery. She has incurred over $17,000 in medical bills to date and has been provided a surgical estimate totaling $74,161.78.

**CAUSE OF INJURY:**

On the afternoon of May 25, 2020, Ms. Pennamon entered the Walmart, located at 2525 N. Decatur Road in Decatur, GA to exchange a window blind she had previously purchased. The associate at the customer service counter instructed her to pick out the correct blind, so they could complete the exchange transaction. As Ms. Pennamon approached the blinds on aisle G-28, she tripped on metal plates running across the floor, which caused her to fall hard onto her knees and then to her stomach.





**LIABILITY:**

As you know, under Georgia law, an owner or occupier of land has a duty to keep the premises safe for invitees, pursuant to O.C.G.A sec. 52-3-1.  It is clear this duty was breached and unfortunately Ms. Pennamon has suffered the consequences from that breach.  This failure to guard against hazards in the aisle of the premises is especially egregious for a well-known store that has a high rate of traffic on its premises at all times of day.

Given the above described circumstances, there is no dispute as to Wal-Mart's negligence.

**MEDICAL TREATMENT & INJURIES:**

Immediately after the fall, Ms. Pennamon felt sharp and throbbing pain in both of her knees.  As the evening went on, both knees began to swell and the pain worsened.  The next morning, she went to Northside Hospital for evaluation and treatment.  X-rays were taken and she was diagnosed with bilateral contusions to the patella and bilateral effusions of the knee.  At discharge, she was instructed to follow up with an orthopaedist.



On June 1, 2020, Ms. Pennamon saw orthopedic surgeon, Dr. Scott Barbour.  She presented with complaints of severe bilateral knee pain and significant swelling, primarily in her left knee.  In order to evaluate the source of pain and to rule out any

insidious pathology, Dr. Barbour ordered a left knee MRI and offered her a corticosteroid injection to alleviate her swelling and discomfort.  He also placed her in a brace for support and prescribed her a topical ointment to help alleviate pain.

The MRI revealed **radial tear through the posterior horn of medial meniscus and mild diffuse chondromalacia with chondromalacia patella**.

Given the MRI results, Dr. Barbour **recommended left knee arthroscopic surgery**. However, Ms. Pennamon had previously been scheduled for breast reduction surgery, which took place on June 19, 2020, so she was forced to hold off on the arthroscopy surgery at that time.  Dr. Barbour offered her a series of PRP injections and referred her to physical therapy.

On June 10, 2020, Ms. Pennamon went for her initial therapy visit at Benchmark Rehab Partners.  At this visit, she was noted to have severe left knee pain, limited range of motion and significant swelling.  On July 21, 2020, she underwent her first PRP injection and continued with the prescribed therapy program, along with a home exercise program.

As stated, Ms. Pennamon has been recommended for arthroscopy surgery to repair the torn meniscus.  The total cost of the surgery is estimated to be $74,161.78.

There is no doubt that Ms. Pennamon's injuries and treatment were 100% caused by Wal-Mart's negligence.  As is clear from the medical records, all of Ms. Pennamon's injuries and treatment began as a result of this incident.  Her injuries and the physical limitations that she will have for the rest of her life, are all the proximate result of your insured's negligence.

**SPECIAL DAMAGES**

Ms. Pennamon has incurred significant medical bills for her treatment.  To date she has the following expenses, all of which are detailed and supported in the attached documents:

| | |
|---|---|
| NORTHSIDE HOSPITAL<br>DOS  05/26/2020 | $2,260.00 |
| NORTHSIDE EMERGENCY PHYSICIANS<br>DOS  05/26/2020 | $653.00 |
| NORTHSIDE RADIOLOGY<br>DOS  05/26/2020 | $224.00 |

| | |
|---|---|
| BARBOUR ORTHOPAEDICS AND SPORTS MED<br>DOS  06/01/2020 – 08/04/2020 | $10,651.20 |
| BENCHMARK REHAB PARTNERS<br>DOS  07/15/2020 – 08/24/2020 | $3,426.50 |
| **TOTAL AND CONTINUING:** | **$17,214.70 ++** |

Of course, this amount will increase after Ms. Pennamon undergoes the recommended surgery and she will likely be forced to undergo additional physical therapy after the surgery.

In light of the above, we hereby offer to settle all claims against your insured for the sum of **$375,000** on behalf of Ms. Pennamon.

We are making this offer of settlement on behalf of our client to allow you to make a full and comprehensive evaluation of the facts and circumstances underlying this claim. Because the facts assure that damages most certainly will be awarded in this case, we hereby offer to settle all claims within twenty (20) days.  In a good faith effort to permit you to put them on notice of this claim, a copy of this letter is included herein so that you may forward the same to your insured in order that they may be informed of the actual terms and circumstances giving rise to this claim.

Nothing contained herein is intended to suggest that you would not do any of the above, but it is expressly stated on behalf of my client and to fulfill my duties towards her in this claim should these things ever be required in the event of any excess verdict, however likely that event might be.   I am ready to discuss any of the above personally with you at any time should you contact me.

This letter constitutes a letter to compromise, however, and as such, shall not be admissible in any action pending against your clients as a result of your refusal to honor this reasonable offer to settle.

The offer to settle contained herein shall be automatically revoked at the end of 20 days from your receipt of this letter.

**GOVERN YOURSELVES ACCORDINGLY**

Sincerely yours,

/S/ Kendrick K. McWilliams, Sr.

Kendrick K. McWilliams, Sr.
Attorney at Law

KKM/ar
Enclosure(s)
cc:  Japonica Pennamon