⚓ **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0846-A**

**Judge Leslie Abernathy-Maddox**
**MAY 28, 2021 11:39 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JAPONICA PENNAMON** | ) | |
| | ) | **CIVIL ACTION FILE** |
| Plaintiff, | ) | **NO. _____** |
| **vs.** | ) | |
| | ) | |
| **WAL-MART STORES EAST, LP., and** | ) | |
| **JOHN DOE #1-2,** | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW, Plaintiff Japonica Pennamon (hereinafter referred to as "Plaintiff") and files this Complaint against Wal-Mart Stores, East, LP and John Doe #1-2 (hereinafter referred to as "Defendants") and shows this Court as follows:

(1)

Defendant Walmart Stores East, LP is a foreign corporation that at all times Material to this action, conducted business in the State of Georgia. Defendant may be served with summons and process upon its registered agent, c/o The Corporation Company, 106 Colone Park Drive Ste. 800-B, Cumming, GA 30040.

(2)

John Does 1-2 are individuals, partnerships, limited partnerships, entity/entities, and/or corporations, other than the named Defendant, who managed and/or maintained and/or were responsible for the actions of their employees. Once served with process, Defendants John Does #1-2 are subject to the jurisdiction and venue of this Court.

(3)

Jurisdiction and venue are proper in this Court as to the Defendant Walmart Stores East, LP.

(4)

On or about May 25, 2020, Plaintiff was making an exchange for a window blind that she had previously purchased at the Wal-Mart Store, located at 2525 N. Decatur Road Decatur, GA 30033.

(5)

Plaintiff was instructed to retrieve the correct blind to complete the exchange. As Plaintiff approached the blinds on aisle G-28, she tripped on metal plates running across the floor which caused her to fall onto her knees and then her stomach.

(6)

Plaintiff sustained physical injuries due to the fall caused by the negligence of Defendant Wal-Mart Stores East, LP.

(7)

Defendant Walmart Stores East, LP has been negligent by failing to provide a clear walkway for ingress and egress and therefore creating a hazard.

(8)

As a direct and proximate result of Defendant Wal-Mart Stores East, LP negligence, Plaintiff has incurred special damages that include, but not limited to,

medical expenses, and other miscellaneous expenses. Specifically, Plaintiff has incurred approximately $17,214.70 in medical expenses to date.

(9)

As a direct and proximate result of Defendant Wal-Mart Stores East, LP negligence, Plaintiff has incurred general damages, including pain and suffering.

WHEREFORE, Plaintiff pray(s) that this Court award the following relief against Defendants:

(A)     That process be issued;

(B)     That reasonable damages be granted to Plaintiff and against Defendants for past, present and future general and special damages;

(C)     That Plaintiff recover all attorney fees, expenses, and costs of this action; and

(D)     Such further relief as the Court deems just and proper.

**PLAINTIFFS DEMANDS A JURY TRIAL.**

Respectfully submitted this <u>28th</u> day of May, 2021.

/s/Kendrick K. McWilliams. Sr.
KENDRICK K. MCWILLIAMS, SR.
State Bar of Georgia #140983
Attorney for Plaintiff

HAGEN ROSSKOPF, LLC
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553
Kendrick@Hagen-law.com

3

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0846-A**
Judge Leslie Abernathy-Maddox
**MAY 28, 2021 11:39 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| JAPONICA PENNAMON | ) | |
| | ) | **CIVIL ACTION FILE** |
| Plaintiff, | ) | NO. _____ |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP., and | ) | |
| JOHN DOE #1-2, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REQUEST FOR ADMISSIONS FIRST CONTINUING
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT WAL-MART STORES EAST, LP**

## I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Kendrick K. McWilliams, Sr., Esq., Hagen, Rosskopf, LLC, 119 North McDonough Street, Decatur, Georgia 30030, within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. §9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his

testimony. Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. §9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply.  If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided.  If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II.  <u>DEFINITIONS</u>

1.      When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known.   "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now.  If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group.  If the documents has been previously identified

fully, it may be identified by name in subsequent responses.

2.     When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant in this action, Wal-Mart Stores East, LP.

3.     When used herein, "Plaintiff" refers to the Plaintiff in this action.

4.     As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5.     As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.     As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

7.     As used herein, "identify" or "specify," when used in reference to:

(a)     a person who is an <u>individual</u>, means to state his full name, present

or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b)     in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c)     in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant, whether Defendant will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant, what disposition was made of it, and why.

8.     <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from May 25, 2020, through and including the date of your answer hereto.

9.     When the identification of documents is requested by these Interrogatories, Defendant may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to

designate the paragraph of the Interrogatory to which the document is responsive.

## III. <u>REQUEST FOR ADMISSIONS</u>

(1)

You have been correctly named in the present action insofar as the legal designation of names is concerned.

(2)

You have been properly served as a party Defendant.

(3)

That process is sufficient with regard to you in this case.

(4)

That service of process is sufficient with regard to you in this case.

(5)

The State Court of Forsyth County has jurisdiction over you as a party Defendant in this case.

(6)

Venue is proper in the State Court of Forsyth County.

(7)

Defendant, at the time of filing the Complaint in the above styled civil action, was the operator of the premises located at 2525 N. Decatur Road Decatur, GA 30033.

(8)

On May 25, 2020, Defendant owned the premises located at 2525 N. Decatur Road Decatur, GA 30033.

(9)

On May 25, 2020, Defendant was responsible for inspecting the premises located at 2525 N. Decatur Road Decatur, GA 30033.

(10)

Defendant hired no other company, person or business to assist with cleaning and maintaining the premises located at 2525 N. Decatur Road Decatur, GA 30033, before May 25, 2020.

(11)

The Plaintiff states a claim upon which relief can be granted.

(12)

Admit that on May 25, 2020, possible patrons of the Defendant's establishment were not given adequate warning that a hazardous condition existed.

(13)

The Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

## IV. <u>INTERROGATORIES</u>

(1)

Identify each and every person who assisted in the preparation of your responses to these Interrogatories or who have provided information used for responding to these Interrogatories.

(2)

Identify by name, address and telephone number the store manager working at 2525 N. Decatur Road Decatur, GA 30033 on or about May 25, 2020 at the time of the incident which is the subject matter of this Complaint.

(3)

Identify by name, address and telephone number the Assistant Manager working at 2525 N. Decatur Road Decatur, GA 30033 on May 25, 2020 at the time of the incident which is the subject matter of this Complaint.

(4)

Please identify all persons who cleaned, repaired, inspected, managed or maintained the premises and area where Plaintiff was injured (as referenced in the Complaint), including a detailed description of the action that was taken in regard to inspecting, cleaning, managing or maintaining the area where Plaintiff was injured, within ninety days preceding the incident as described in the Complaint.

(5)

Please identify and describe in detail any program, policy or action implemented by you (before and at the time of Plaintiff's injuries) to inspect, clean, manage, maintain, or upkeep the premises at issue.  This request also includes training procedures of your employees, agents, or business invitees that had any responsibility for the premises in question.

(6)

Please describe each and every warning that you claim was provided to Plaintiff regarding any danger associated with the area at issue.

(7)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who either saw or claim they saw all or any part of the occurrence complained of in this action, as well as those witnesses who arrived at the scene immediately or shortly after said occurrence.

(8)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons having knowledge or relevant information concerning facts or circumstances in this case.

(9)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

(10)

Identify the names and addresses of all insurance companies for which you have liability or other insurance coverage relating to the matter alleged in the Plaintiff's Complaint, the number or numbers of such policies, the amount of liability or other coverage provided in each policy and the named insured in the same.

(11)

Furnish a detailed factual basis for the defense(s) and/or counterclaim(s) you assert in your answer to Plaintiff's Complaint.

(12)

Identify all persons retained by you or expected to be retained by you as expert witnesses for use at trial, and with respect to each expert identified, please state in detail the following:

a)   The subject matter upon which each expert either has, or is expected to investigate and form an opinion;

b)   The substance of the facts known and opinions held by each expert; and

c)   A detailed summary of the grounds for each such opinion, and extent of any injuries sustained by you or the other party in each such collision, and the name and address of the treating physician for each such injury.

(13)

Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether you have notified each such person or entity of your contention.

(14)

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person or entity, did or failed to do, which in any way contributed to the subject occurrence and Plaintiff's injuries.

(15)

Please state in detail how you contend the subject occurrence took place and the order in which the events took place.  Please include in this response a listing of each person or circumstances you believe to have caused, or contributed to causing, the subject occurrence.

(16)

Please identify with specificity all injury claims or complaints made against you or your business regarding the premises at issue, either <u>before</u> or <u>after</u> the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone numbers of all parties involved in said accident; the address of all investigation people or departments, personal injuries, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was

filed.

(17)

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

(18)

State the substance of each conversation you or your agents or employees had with Plaintiff at the time of or at any time before the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or her agents.

(19)

Please identify all maintenance employees, management persons, or other employee or person that in any way had responsibility for maintaining or inspecting the area in which Plaintiff was injured (as identified in the Complaint).  To the extent any person is identified, please describe the actions, times and involvement in regard to said inspections, cleaning or knowledge of same.

(20)

If there was an investigation made of the incident that forms the basis of this suit, please state whether the Defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which Defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in

anticipation of litigation.

(21)

Identify all security cameras located at the Defendant's premises, the location of such cameras, whether such cameras were operative on May 25,2020, and whether any camera videotaped the incident described in Plaintiff's Complaint.

(22)

Please identify all practices and procedures regarding the clean-up of and inspection for any maintenance required on Defendant's premises.

## REQUEST FOR PRODUCTION OF DOCUMENTS

(1)

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

(2)

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the store location where the incident occurred.

(3)

Please provide originals or color copies of all photographs of 2525 N. Decatur Road Decatur, GA 30033where the incident is alleged to have occurred on May 25, 2020

(4)

Please provide copies of any statements obtained from the Plaintiff.

(5)

Please provide copies of any statements obtained from any witnesses.

(6)

Pursuant to <u>O.C.G.A.</u> § 9-11-34, Plaintiff hereby requests that Defendant produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents.

(7)

Any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigation.

(8)

All documents, pleadings and/or exhibits filed, served or prepared in connection with any litigation involving personal injuries to which you have been a party and involving the premises in question for the past (10) years.

(9)

Any maintenance, repair, or service records reflecting repairs, service, or changes to the area of the premises forming the basis of the Plaintiff's Complaint.

(10)

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

(11)

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage Defendant with regard to Plaintiff's claims against Defendant.   This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage.   This request includes any and all documents affecting coverage, including reservation of rights documents.

(12)

Please produce all reports received from any experts who have investigated any issue relevant to the subject fall and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

(13)

Please produce all documents evidencing or reflecting any agreement regarding maintenance or cleaning services between Defendant and any other business having responsibility for the area where Plaintiff was injured.

(14)

Please produce a copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

(15)

Please produce all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries, slips or falls occurring on the premises where Plaintiff was injured.

(16)

Please produce any and all log books, sweep sheets or logs, maintenance or inspection reports, or any and all other documents of any kind or by any other name which relate in any way to the inspection or maintenance of the area in question for the 48 hours before and after the Plaintiff's injury.

(17)

Please produce any demonstrative evidence relevant to the issues of this case.

(18)

Please produce any and all documents, including employee handbooks, policy or procedure manuals, or video tapes, regarding Defendant's policies regarding safety, training, testing, inspecting, repairing, or maintaining the premises and the area forming the basis of Plaintiff's Complaint.

(19)

Produce all Complaints initiating civil actions against you for the past ten (10) years as a result of substantially similar incidents.

(20)

Produce all safety inspection reports completed by any of your employees, agents or independent contractors with regard to the premises at issue.

(21)

Produce all internal accident reports completed by your employees, agents or independent contractors regarding substantially similar claims, complaints, or incidents for the past five (5) years.

(22)

Please produce all contracts or agreements entered into between the Defendant and any other individual or company and regarding cleaning, maintaining, or inspecting the premises and area forming the basis of Plaintiff's Complaint.

(23)

The curriculum vitae of all experts who are expected to testify on behalf of the defendant, and any documents they created, reviewed or relied on.

(24)

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings held by you from 2016 to the present.

(25)

Produce a map, architectural plan or drawing of the area in question.

(26)

For the date in question, and the two days before, please produce the work and payroll records of all employees (regarding the premises in question) employed by Defendant.

(27)

Produce all documents which contain or purport to contain industry standards regarding the clean-up of and inspection for substances which are spilled or otherwise accumulate on the floor of Defendant's stores.

(28)

Produce all reports, memoranda, studies or written materials regarding any water damage sustained by individual units at the apartment complex.

(29)

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

Respectfully submitted this <u>28th</u> day of May, 2021.


<u>/s/Kendrick k. McWilliams, Sr. </u>
KENDRICK K. MCWILLIAMS, SR.
State Bar of Georgia #140983
Attorney for Plaintiff


HAGEN ROSSKOPF, LLC
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553
Kendrick@Hagen-law.com

**IN THE STATE COURT OF FORSYTH COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| JAPONICA PENNAMON | ) | |
| | ) | **CIVIL ACTION FILE** |
| Plaintiff, | ) | **NO. _____** |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP., and | ) | |
| JOHN DOE #1-2, | ) | |
| Defendants. | ) | |

## RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I have this day served counsel for all parties in the above referenced action with a copy of **PLAINTIFFS' REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES EAST, LP** by having copies delivered to the following people via hand-delivery:

Wal-Mart Stores East, LP
c/o The Corporation Company
106 Colone Park Drive Ste. 800-B
Cumming, GA 30040

Respectfully submitted this <u>28th</u> day of May, 2021.

/s/ Kendrick K. McWilliams, Sr.
KENDRICK K. MCWILLIAMS, SR.
State Bar of Georgia #140983
Attorney for Plaintiff

HAGEN ROSSKOPF, LLC
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553
Kendrick@Hagen-law.com

SHERIFF'S ENTRY OF SERVICE

SEE OUTSIDE PERRY CO., COVINGTON, GA 30015

Civil Action No. 21-SC-0846-A

Date Filed 5/28/21

| | Superior Court | ☐ | Magistrate Court |
|---|---|---|---|
| | State Court | ☑ | Probate Court |
| | Juvenile Court | ☐ | |

Georgia, Forsyth

Japonica Pennamon

_____ Plaintiff

**E-FILED IN OFFICE**
**CLERK OF STATE COURT**
**FORSYTH COUNTY, GEORGIA**

**21SC-0846-A**

**Judge Leslie Abernathy-Maddox**

**JUN 10, 2021 09:52 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

Attorney's Address

HAGEN, ROSSKOPF & EARLE
ATTORNEYS AT LAW
119 N. MCDONOUGH STREET
DECATUR, GA 30030

Name and Address of Party to be Served.

Wal-Mart Stores East, LP c/o
The Corporation Company 106
Colone Park Drive Ste. 800-B
Cumming, GA 30040

VS.

Wal-Mart Stores East, LP

_____ Defendant

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☑ Served the defendant __Corporation company__ a corporation by leaving a copy of the within action and summons with __Nahseer Walker__ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant not to be found in the jurisdiction of this Court.

This 9 day of June, 20 21.

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

## Civil Paper - CIVIL PAPER

**\*CP42113\***

| Civil ID | Case ID | File/Docket # |
|---|---|---|
| 42113 | | 21SC-0846-A |

| Officer | Location of Original Copy | Local # |
|---|---|---|
| DEVEREAUX, L. A. | | |

| PLAINTIFF NAME & ADDRESS | Court | | Court Date |
|---|---|---|---|
| PENNAMON, JAPONICA | | | |

| | Date Issued | Date Received |
|---|---|---|
| | 05/28/2021 | 06/08/2021 |

| | Disposition | Disposition Date |
|---|---|---|
| | Active | 06/08/2021 |

### VERSUS

| DEFENDANT NAME & ADDRESS | SERVE TO ADDRESS: |
|---|---|
| **WALMART STORES EAST LP C/O THE CORPORATION COMPANY 106 Colony Park Dr , 800B Cumming,GA 30040** | Beat: **S32**    District: **STH**    Neighbhd: ReportArea: **COM1**    SubDivsn: |

| Race / Sex / DOB | SSN |
|---|---|
| | |

Employer Information

DEFENDANT NAME & ADDRESS

| Home Phone | Work Phone | Notes (for above Defendant) |
|---|---|---|
| | | |

Alerts

### SERVICE NOTES

### FIRST ATTEMPT

| Successful ☐ Yes ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|

| Where Served    Serve To Address: | Comments (include new address) |
|---|---|

### SECOND ATTEMPT

| Successful ☐ Yes ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|

| Where Served | Comments (include new address) |
|---|---|

### THIRD ATTEMPT

| Successful ☐ Yes ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|

| Where Served | Comments (include new address) |
|---|---|

⬧ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0846-A**
Judge Leslie Abernathy-Maddox
JUN 15, 2021 11:50 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

JAPONICA PENNAMON,                                  Civil Action File No.
                                                    21SC-0846-A
             Plaintiff,

v.

WAL-MART STORES EAST, LP
AND JOHN DOE #1-2,

             Defendants.

_____/

### ANSWER OF DEFENDANT WAL-MART STORES EAST, LP

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this

Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

<u>FOURTH DEFENSE</u>

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>FIFTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

<u>SIXTH DEFENSE</u>

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

<u>SEVENTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint, but shows that it is a "limited partnership".

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint at this time.

4.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

11.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (A), (B), (C), and (D) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served

upon opposing counsel via Peach Court E-File.

This the __15th__ day of June, 2021.

McLAIN & MERRITT, P.C.


_/s/ Howard M.  Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -6-

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0846-A**

**Judge Leslie Abernathy-Maddox**
**JUN 15, 2021 11:50 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JAPONICA PENNAMON,                                    Civil Action File No.

        Plaintiff,                              21SC-0846-A

v.

WAL-MART STORES EAST, LP
AND JOHN DOE #1-2,

        Defendants.

_____/

## **12-PERSON JURY DEMAND**

COMES NOW Defendant, WAL-MART STORES EAST, LP and demands a

trial by a jury of twelve (12) persons.

        McLAIN & MERRITT, P.C.


        /s/ Howard M.  Lessinger
        Howard M. Lessinger
        Georgia Bar No. 447088
        Attorneys for Defendant
        WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the  15th  day of June, 2021.

McLAIN & MERRITT, P.C.

 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0846-A**

**Judge Leslie Abernathy-Maddox**
**JUN 15, 2021 11:50 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JAPONICA PENNAMON,

        Plaintiff,

v.

WAL-MART STORES EAST, LP
AND JOHN DOE #1-2,

        Defendants.

_____/

Civil Action File No.
21SC-0846-A

<u>NOTICE OF TAKING DEPOSITION</u>

YOU ARE HEREBY notified that beginning on the 15th day of September, 2021, commencing at 11:00 a.m., at the offices of Hagen Rosskopf, LLC, 119 North McDonough Street, Decatur, GA, the deposition will be taken of   Japonica Pennamon.  Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion.    This deposition may also be videotaped by a videographer.

McLAIN & MERRITT, P.C.

 /s/ Howard M. Lessinger 
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING DEPOSITION has this day been filed and served upon opposing counsel via Peach Court E-File.

This the _15th_ day of June, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger____
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0846-A**

**Judge Leslie Abernathy-Maddox**
**JUN 15, 2021 11:50 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JAPONICA PENNAMON,                           Civil Action File No.
                                             21SC-0846-A
          Plaintiff,

v.

WAL-MART STORES EAST, LP
AND JOHN DOE #1-2,

          Defendants.

_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)   ANSWERS TO REQUEST FOR ADMISSIONS

2)   REQUEST FOR ADMISSIONS TO PLAINTIFF

3)   INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

                              McLAIN & MERRITT, P.C.

                              /s/ Howard M. Lessinger
                              Howard M. Lessinger
                              Georgia Bar No. 447088
                              Attorneys for Defendant
                              WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**<u>REGARDING DISCOVERY</u>** has this day been filed and served upon opposing

counsel via Peachcourt E-File.

This the ＿15th＿ day of June, 2021.

McLAIN & MERRITT, P.C.


＿/s/ Howard M.  Lessinger＿
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0846-A**

Judge Leslie Abernathy-Maddox
JUN 28, 2021 02:36 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

# IN THE STATE COURT OF FORSYTH COUNTY

## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| JAPONICA PENNAMON | ) | |
| | ) | **CIVIL ACTION FILE** |
| Plaintiff, | ) | **NO. _____** |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP., and | ) | |
| JOHN DOE #1-2, | ) | |
| Defendants. | ) | |

### RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I have this day

served counsel for all parties in the above referenced action with a copy of **PLAINTIFF'S**

**RESPONSE TO DEFENDANT'S FIRST REQUEST FOR ADMISSION OF FACT TO**

**PLAINTIFF** by having copies delivered to the following people via hand-delivery:

Howard M. Lessinger
McLain & Merritt, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326

Respectfully submitted this the 28th day of June, 2021.

Kendrick K. McWilliams, Sr.
**KENDRICK K. MCWILLIAMS, SR.**
State Bar of Georgia No.:140983

**HAGEN ROSSKOPF, LLC**
119 North McDonough Street
Decatur, Georgia 30030
(404) 522-7553
(404) 522-7553
Kendrick@hagen-law.com